UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MITCHELL,<br><br>           Plaintiff,<br><br>      v.<br><br>WARDEN D. DAVEY, et al.,<br><br>           Defendants. | 1:16-cv-01148-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN INTERLOCUTORY ORDER UNDER THE ALL WRITS ACT AS MOOT<br>(ECF NO. 8) |

John Mitchell ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on August 5, 2016.  (ECF No. 1).  The Complaint has not yet been screened, and at this time the Court is not making a determination regarding whether the claim(s) are meritorious.  Plaintiff has consented to magistrate judge jurisdiction (ECF No. 7), and no other parties have appeared.[1]

On October 7, 2016, Plaintiff filed a motion for an interlocutory order under the All Writs Act ("the Motion").  (ECF No. 8).  The Court construes the Motion as a motion for injunctive

---

[1] The Office of the Attorney General appeared only to respond to this motion.  It did not appear on behalf of any defendants.  (ECF No. 11, p. 1 n. 1).

1

relief.

According to the Motion, Plaintiff's legal property is being held by officials at California State Prison, Corcoran.  Included in Plaintiff's legal property are documents pertinent to this case.  Plaintiff is apparently being transferred to a new prison (although he does not state where or when).  Correctional officers Alvarez, Vargas, and Huewe have all allegedly threatened to destroy Plaintiff's legal property during the transfer, which would interfere with Plaintiff's ability to prosecute this case.  Therefore, Plaintiff requests that the Court order that Plaintiff's legal property be re-inventoried while Plaintiff is present and a copy of that inventory sheet be given to Plaintiff to keep in his possession.  Additionally, Plaintiff requests that the Court order that his legal property stay with him when he is transferred, and that Plaintiff's legal property be issued to him immediately upon his arrival at the prison he is being transferred to.

The Office of the Attorney General ("OAG") filed opposition to the Motion.  (ECF No. 11).  According to the OAG, on October 12, 2016, Plaintiff was transferred to the California Substance Abuse and Treatment Facility ("SATF").  Plaintiff's property was transferred to SATF on that same day.  Plaintiff's property was inventoried before the transfer, and Plaintiff signed the property inventory form, indicating that the inventoried property consisted of all of his property.  However, on October 14, 2016, Plaintiff was transferred to the California Correctional Health Care Facility because of his urgent mental health needs.  He will be treated and returned to SATF.  Once Plaintiff is returned to SATF, Plaintiff's property will be inventoried in his presence.  In the meantime, it will be stored.

The transfer has already occurred, so the relief Plaintiff asked for can no longer be granted.  Further, it appears that the officers who threatened to destroy Plaintiff's legal property no longer have access to it.  Finally, it appears that Plaintiff already received some of the relief that he asked for.  According to the OAG, Plaintiff's property was inventoried before the transfer, and Plaintiff signed the property inventory, indicating that the inventoried property consisted of all of his property.  Additionally, once Plaintiff is returned to SATF his property will be inventoried in his presence.

\\\

Accordingly, IT IS ORDERED that the Motion is DENIED without prejudice AS MOOT. However, if Plaintiff's legal property has been destroyed, Plaintiff may bring an appropriate motion.

IT IS SO ORDERED.

Dated:   **November 10, 2016**               /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE