|  |  |
|---|---|
| JOHN E. MITCHELL,<br><br>    Plaintiff,<br><br> v.<br><br>WARDEN D. DAVEY, et al.,<br><br>    Defendants. | 1:16-cv-01148-EPG (PC)<br><br>ORDER FOR OFFICE OF THE ATTORNEY GENERAL TO ADDRESS PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 15)<br><br>14-DAY DEADLINE |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

  John Mitchell ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 5, 2016. (ECF No. 1). The Court has screened the Complaint (ECF No. 16). Plaintiff has consented to magistrate judge jurisdiction (ECF No. 7), and no other parties have appeared.

  On October 7, 2016, Plaintiff filed a motion for an interlocutory order under the All Writs Act ("the Motion"). (ECF No. 8). The Court construed the Motion as a motion for injunctive relief.

  According to the Motion, Plaintiff's legal property was being held by officials at California State Prison, Corcoran. Included in Plaintiff's legal property are documents pertinent

to this case. Plaintiff was apparently being transferred to a new prison, although he did not state where or when. Correctional officers Alvarez, Vargas, and Huewe all allegedly threatened to destroy Plaintiff's legal property during the transfer, which would interfere with Plaintiff's ability to prosecute this case. Therefore, Plaintiff requested that the Court order that Plaintiff's legal property be re-inventoried while Plaintiff was present and that a copy of that inventory sheet be given to Plaintiff to keep in his possession. Additionally, Plaintiff requested that the Court order that his legal property stay with him during the transfer, and that Plaintiff's legal property be issued to him immediately upon his arrival at the prison he was being transferred to.

The Office of the Attorney General ("OAG") filed opposition to the Motion. (ECF No. 11). According to the OAG, on October 12, 2016, Plaintiff was transferred to the California Substance Abuse and Treatment Facility ("SATF"). Plaintiff's property was transferred to SATF on that same day. Plaintiff's property was inventoried before the transfer, and Plaintiff signed the property inventory form, indicating that the inventoried property consisted of all of his property.

However, on October 14, 2016, Plaintiff was transferred to the California Correctional Health Care Facility because of his urgent mental health needs. Plaintiff was going to be treated and then returned to SATF. Once Plaintiff was returned to SATF, Plaintiff's property was to be inventoried in his presence. In the meantime, it was to be stored.

Given that the transfer had already occurred, that the officers who threatened to destroy Plaintiff's legal property no longer had access to it, that Plaintiff's legal property was allegedly inventoried in his presence, and given the OAG's assurance that Plaintiff's legal property would be inventoried in his presence once Plaintiff was returned to SATF, the Court denied the motion. (ECF No. 14).

On November 22, 2016, Plaintiff filed a motion for reconsideration. According to Plaintiff he was not returned to SATF, but was instead transferred to R.J. Donovan. Plaintiff alleges that despite repeated requests to SATF, he has not received his legal property.

Given the allegations that Plaintiff was transferred to R.J. Donovan instead of SATF, and that he was not in fact given access to his legal property upon being transferred, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days from the date of service of this order, the Office of the Attorney General shall address the allegations in Plaintiff's motion for reconsideration; and
2. The Clerk of the Court is directed to serve Supervising Deputy Attorney General Monica Anderson with:
   a. A copy of this order; and
   b. A copy of the Plaintiff's motion for reconsideration (ECF No. 15).

IT IS SO ORDERED.

Dated:  **December 20, 2016**        /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE