UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MITCHELL,<br><br>          Plaintiff,<br><br>     v.<br><br>WARDEN D. DAVEY, et al.,<br><br>          Defendants. | 1:16-cv-01148-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW MOTIONS FOR INJUNCTIVE RELIEF AND DENYING MOTION FOR INJUNCTION DIRECTED AT THE WARDEN OF R.J. DONOVAN CORRECTIONAL FACILITY<br><br>(ECF NOS. 8, 15, 19, & 24) |

John Mitchell ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 5, 2016. (ECF No. 1). Plaintiff has consented to magistrate judge jurisdiction (ECF No. 7), and no other parties have appeared.[1]

Plaintiff filed three motions (ECF Nos. 8, 19, & 24) that all essentially asked for either safe keeping or return of Plaintiff's personal and legal property, as well as a motion for reconsideration of the Court's denial of one of the three motions (ECF No. 15). On January 23,

---

[1] The Office of the Attorney General appeared only to respond one of the motions for injunctive relief. It did not appear on behalf of any defendants. (ECF No. 11, p. 1 n. 1).

1

2017, Plaintiff filed a notice of withdrawal his motions for injunctive relief, which the Court construes as a motion to withdraw. (ECF No. 27).

According to Plaintiff, he wishes to withdraw his motions for injunctive relief regarding his legal and personal property that was being withheld by the California Substance Abuse Treatment Facility and California State Prison Corcoran, because he has now received what appears to be all of his legal property. The Court grant will grant Plaintiff's motion to withdraw his motions for injunctive relief. Because Plaintiff is asking to withdraw the underlying motion for injunctive relief, the Court will treat the motion for reconsideration as withdrawn as well.

It is unclear whether the request for withdrawal extends to Plaintiff's request for an injunction directed at the warden of the R.J. Donovan Correctional Facility (ECF No. 19). Plaintiff has alleged that his legal property, as well as a religious chain and medallion, were taken by a sergeant at R.J. Donovan Correctional Facility. Among other things, Plaintiff asks for return of the property, as well as to be allowed to keep all of his legal and religious items on his person at all times. Plaintiff's motion to withdraw states that Plaintiff has received what appears to be all of his legal property, so it appears that portion of the injunction request has been resolved. However, Plaintiff does not mention his religious chain and medallion, or his request to be allowed to keep his legal and religious items on his person at all times. To the extent that these requests have not been withdrawn, they will be denied. The Court will also deny the request for an extension of time to respond to the screening order, because Plaintiff has already responded to the screening order (ECF No. 25).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits and to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as a matter of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary

2

remedy of injunction." Id. at 24 (citations and quotations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to such relief.  Id. at 22.

Additionally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").  The court may not attempt to determine the rights of persons not before it.  See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled").  Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C).

Plaintiff's remaining injunction requests will be denied because Plaintiff has failed to satisfy the standard for a preliminary injunction, and because the Court does not currently have jurisdiction over the parties Plaintiff is requesting the injunction against.  Plaintiff has directed his injunction request at non-parties (J. Beard and S. Kernan), and he asks for relief that is factually unrelated to the underlying case (See ECF Nos. 16 & 25).  This case is proceeding on a claim for failure to provide religious meals against defendants who worked at California State Prison Corcoran.  The remaining injunction requests involve return of a religious chain and medallion and Plaintiff's request to keep all of his religious items and legal documents on his person at all time, and are aimed at non-parties who work at R.J. Donovan Correctional Facility.

Additionally, even if Plaintiff did direct this injunction towards a party, and even if the request did relate to this case, there would almost assuredly be safety concerns which would prevent Plaintiff from being able to keep his legal and religious items on his person *at all times.* Accordingly, to the extent the remaining injunction requests have not been withdrawn, they will be denied.

If Plaintiff believes he has additional claims he may file a separate case alleging those claims.

Accordingly, IT IS ORDERED that Plaintiff's motion to withdraw his motions for injunctive relief is GRANTED.  (ECF No. 27)

Plaintiff's motions for injunctive relief (ECF Nos 8, 15, 24) are hereby withdrawn by the Plaintiff.

IT IS FURTHER ORDERED that, to the extent Plaintiff's motion for an injunction directed at the warden of R.J. Donovan Correctional Facility (ECF No. 19) was not withdrawn, it is DENIED.

IT IS SO ORDERED.

Dated:   **January 24, 2017**                    /s/ Erica P. Grosjean
                                                            UNITED STATES MAGISTRATE JUDGE