UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MITCHELL,<br><br>           Plaintiff,<br><br>     v.<br><br>CRM M.S. ROBICHEAUX and LIEUTENANT THOMPSON,<br><br>           Defendants. | 1:16-cv-01148-EPG (PC)<br><br>ORDER DENYING MOTION FOR ORDER UNDER THE ALL WRITS ACT, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF PRO BONO COUNSEL<br>(ECF No. 31) |

## I.     BACKGROUND

John Mitchell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 5, 2016. (ECF No. 1). On August 26, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 7), and no other parties have made an appearance.[1] Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. (ECF No. 16). The Court found that it states a cognizable claim against defendants Thompson and Robicheaux for violation of Plaintiff's First Amendment free exercise rights. The Court found that Plaintiff failed to state any other claims against these defendants and any claims against other defendants. (Id.). The Court allowed Plaintiff the opportunity to amend his complaint if he so desired. (Id.). On January 17, 2017, Plaintiff notified the Court that he is willing to

---

[1] The Office of the Attorney General appeared only to respond to a motion for injunctive relief that was filed earlier in the case. It did not appear on behalf of any defendants. (ECF No. 11, p. 1 n. 1).

proceed only on the claim against defendants Thompson and Robicheaux for violation of Plaintiff's First Amendment free exercise rights (Plaintiff also objected to the dismissal of the other defendants under Federal Rule of Civil Procedure 72(b)). (ECF No. 25). The Complaint is now in the process of being served by the United States Marshal Service. (ECF No. 30).

On March 8, 2017, Plaintiff filed a motion for an order under the All Writs Act or, in the alternative, for appointment of pro bono counsel. (ECF No. 31). This motion is now before the court.

## II.   MOTION FOR AN ORDER UNDER THE ALL WRITS ACT

Plaintiff is presently incarcerated at the R.J. Donovan Correctional Facility ("RJD") in San Diego, California. Plaintiff requests a court order directing non-parties at RJD to not interfere with his ability to litigate this case. Plaintiff asserts that non-parties Chief Medical Officer Walker, Dr. Clayton, Chief Psychologist R. Barenchi, and Nurse Melton refuse to reinstate Plaintiff's dosage of the medication Methodone, and that without the Methodone Plaintiff will be unable to write and will be in unbearable pain. The Court construes this motion as a motion for preliminary injunctive relief.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95,

102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  <u>Id.</u>

The events at issue in this case allegedly occurred at California State Prison, Corcoran, when Plaintiff was incarcerated there.  Now Plaintiff is incarcerated at RJD and seeks an order directing non-parties at RJD to act.  The court does not have personal jurisdiction over any of the non-parties and therefore cannot order them to act.  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985).  Moreover, the order Plaintiff seeks would not remedy any of the claims upon which this action proceeds.  Therefore, the Court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion for an order under the All Writs Act must be denied.

### III.   MOTION FOR APPOINTMENT OF PRO BONO COUNSEL

Plaintiff also seeks appointed counsel to represent him in this case, asserting that his ability to write is impaired.  Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  <u>Id.</u> (internal quotation marks and citations omitted).

While the Court is sympathetic to Plaintiff's plight, the Court does not find the required

exceptional circumstances.  At this early stage of the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  While the Complaint has been screened, no defendants have appeared in the case yet.  Moreover, based on the record in this case, the Court finds that Plaintiff can adequately articulate his claims and respond to the Court's orders.

Therefore, Plaintiff's motion for appointment of pro bono counsel will be denied. Plaintiff is advised that he is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an order under the All Writs Act is DENIED; and
2. Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **March 22, 2017**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE