UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MITCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>CRM M.S. ROBICHEAUX<br>and LIEUTENANT THOMPSON,<br>    Defendants. | 1:16-cv-01148-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTION FOR AN ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS BE GRANTED AND THAT PLAINTIFF BE GIVEN FORTY-FIVE DAYS TO PAY THE FILING FEE<br>(ECF NO. 33)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

### I. BACKGROUND

John E. Mitchell ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 5, 2016. (ECF No. 1). The Court granted Plaintiff's application to proceed in forma pauperis on August 23, 2016. (ECF No. 6). On December 20, 2016, the Court screened Plaintiff's complaint, and found a cognizable claim against defendants Robicheuax and Thompson for violation of Plaintiff's free exercise rights under the First Amendment. (ECF No. 16). The case is now proceeding on that claim. (ECF No. 26).

On March 24, 2017, defendant Thompson filed a motion for an order revoking Plaintiff's *in forma pauperis* status. (ECF No. 33). On April 11, 2017, defendant Robicheaux filed a notice of joinder in the motion. (ECF No. 39). On April 17, 2017, Plaintiff filed an opposition to the motion. (ECF No. 40). On April 24, 2017, defendant Thompson filed a reply. (ECF No. 41).

### II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides

1

that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

### III. ANALYSIS

To begin, it does not appear that Plaintiff is in imminent danger. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, No. 116CV01421LJOGSAPC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat… is real and proximate…." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Based on the facts alleged in the complaint (ECF No. 1), it does not appear that Plaintiff is in imminent danger. This case now involves only a claim against defendants Robicheaux and Thompson for violation of Plaintiff's free exercise rights under the First Amendment because they failed to provide Plaintiff with meals consistent with the religion of Islam. (ECF No. 16). There are no allegations that would suggest Plaintiff is at risk of being seriously physically injured. Additionally, Plaintiff's opposition (ECF No. 40) does not allege that Plaintiff is in imminent danger. Accordingly, the Court finds that Plaintiff is not in imminent danger.

Therefore, the Court must determine whether Plaintiff "has, on 3 or more prior occasions… brought an action or appeal in a court of the United States that was dismissed on

the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted…." Section 1915(g).

Defendant Thompson argues that three actions and one appeal count as strikes: Mitchell v. Marshall, et al., C.D. Cal. No. 2:10-cv-07351-UA-SH ("Marshall 1"); Mitchell v. Marshall, et al., C.D. Cal. No. 2:12-cv-02048-ABC-SH ("Marshall 2"); Mitchell v. Norton, et al., E.D. Cal. No. 1:12-cv-00331-GSA; and Mitchell v. Beard, et al., Ninth Circuit No. 16-15470. (ECF No. 33-1, p. 2). Defendant Thompson asks the Court to take judicial notice of the dockets in these cases, as well as certain orders and findings and recommendations. (ECF No. 34). The Court grants defendant Thompson's request for judicial notice, and takes judicial notice of these cases.

Plaintiff argues that Marshall 1, Marshall 2, and Beard do not constitute strikes. (ECF No. 40). Plaintiff states that it is up to the Court to determine whether Norton counts as a strike. (Id. at p. 3). Plaintiff also alleges that he ended up paying the filing fee for the Marshall 1 and Beard cases. (Id. at pgs. 2 & 4). However, the fact that Plaintiff may have eventually ended up paying the filing fee in these cases does not factor into the analysis. As described above, the question is whether, before filing this action, Plaintiff filed three or more cases that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted. Section 1915(g). See also Belanus v. Clark, 796 F.3d 1021, 1028 (9th Cir. 2015), cert. denied, 137 S. Ct. 109 (2016), reh'g denied, 137 S. Ct. 489 (2016) (holding that a case can count as a strike even if the plaintiff has paid the filing fee in that case). Accordingly, whether Plaintiff paid the filing fees in any of these four cases is irrelevant. The Court notes that plaintiffs proceeding *in forma pauerpis* are still obligated to pay the filing fee. "Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee…." Section 1915(b)(1).

Turning to Plaintiff's prior cases, the Court finds that Marshall 1, C.D. Cal. No. 2:10-cv-07351-UA-SH, was dismissed for failure to state a claim, and thus counts as a strike. While the assigned magistrate judge in the Marshall 1 case only checked the box recommending that

3

Plaintiff be denied *in forma pauperis* status because of an "[i]nadequate showing of indigency," the "Comments" section says "see attachment." (ECF No. 34-1, p. 4). The attachment clearly states that the magistrate judge found that Plaintiff's complaint failed to state a claim upon which relief could be granted. (Id. at p. 5). Moreover, the assigned district judge adopted the magistrate judge's recommendation and denied Plaintiff's request to proceed *in forma pauperis*. (Id. at p. 4). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

The second case that defendant Thompson argues counts as a strike is Marshall 2, C.D. Cal. No. 2:12-cv-02048-ABC-SH. In this case, the assigned magistrate judge issued findings and recommendations, recommending that the case be dismissed for failure to state a claim (ECF No. 34-2, pgs. 8 & 19). The assigned district judge adopted the findings and recommendations in full. (Id. at p. 21). Accordingly, the Court finds that this case counts as a strike.

The third case that defendant Thompson argues counts as a strike is Norton, E.D. Cal. No. 1:12-cv-00331-GSA. This case was dismissed, with prejudice, for failure to state a claim. (ECF No. 34-3, p. 16). Accordingly, the Court finds that this case counts as a strike.

The final case that defendant Thompson argues counts as a strike is Beard, Ninth Circuit No. 16-15470. Plaintiff appealed the denial of his motion for a preliminary injunction. (ECF No. 34-4, pgs. 9 & 10). The Ninth Circuit Court of Appeals affirmed the denial, stating that "[a] review of the record and the opening brief indicates that the questions raised in this appeal are so insubstantial as to not require further argument." (Id.).

"[A] case is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citing Webster's Third New International Dictionary 913 (1993)). While § 1915(g) states that a case must be "*dismissed* on the grounds that it is frivolous…," § 1915(g) (emphasis added), for it to count as a strike, "the

4

procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013). See also O'Neal, 531 F.3d 1146, 1153 (9th Cir. 2008) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 986–87 (9th Cir.1999) (alteration in original) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal'").

In this appeal, while the appellate court did not actually dismiss the case, it did "summarily affirm" the lower court's ruling. (ECF No. 34-4, p. 10). It did so because "the questions raised in [the] appeal [were] so insubstantial as not to require further argument." (Id.). The Court finds that this counts as a strike. See, e.g., McCoy v. Enenmoh, No. 1:12-CV-00983 AWI, 2014 WL 2524010, at *2 (E.D. Cal. June 4, 2014), report and recommendation adopted sub nom. McCoy v. Stronach, No. 1:12CV00983 AWI DLB, 2014 WL 3615621 (E.D. Cal. July 22, 2014) (finding that an appeal that was dismissed as "'so insubstantial as not to require further argument'" counted as a strike under § 1915(g)).

Accordingly, based on the foregoing, the Court finds that, before filing this case, Plaintiff had filed three or more cases that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted.

## IV. CONCLUSION AND RECOMMENDATIONS

The Court finds that under 28 U.S.C. § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant Thompson's motion for an order revoking Plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g) be GRANTED;

2. The order granting Plaintiff's application to proceed in forma pauperis (ECF No. 6) be VACATED and that Plaintiff's *in forma pauperis* status in this action be REVOKED; and

3. If these findings and recommendations are adopted, that Plaintiff be ordered to pay the $400.00 filing fee in full within forty-five days of the date of service of the order adopting these findings and recommendations.

These findings and recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **twenty-one (21) days** after being served with a copy of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 1, 2017**　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE