UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN D. DAVEY, et al.,<br><br>　　　　　Defendants. | No. 1:16-cv-01148-DAD-EPG (PC)<br><br>ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT AND/OR RELIEF FROM ORDER<br><br>(Doc. No. 61) |

This matter is before the court on plaintiff's motion to alter or amend judgment and/or relief from order. (Doc. No. 61.) Specifically, plaintiff seeks relief from the undersigned's August 4, 2017 order adopting the magistrate judge's findings and recommendations vacating and revoking his *in forma pauperis* ("IFP") status, and requiring him to pay the filing fee. (Doc. No. 58.) Plaintiff appears to bring this motion pursuant to Federal Rules of Civil Procedure 59[1] and 60(b). For the reasons stated below, the court will deny plaintiff's motion to alter or amend judgment and/or relief from order.

---

[1] Rule 59(e) is most applicable in this circumstance, which provides "[a] motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment." As stated, the order adopting the magistrate judge's findings and recommendations was issued on August 4, 2017 and plaintiff's motion to alter or amend judgment was filed on August 18, 2017, or just within 12 days of the entry of judgment. The court finds plaintiff's motion timely under Rule 59(e) and will consider the motion pursuant to Rule 60(b).

1

**BACKGROUND**

At issue in this case is the definition of imminent danger in 28 US.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detailed in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Before addressing this exception, the court will first address the magistrate judge's findings with respect to plaintiff's IFP status as well as the parties arguments raised in connection with the instant motion.

In findings and recommendations issued May 2, 2017, the assigned magistrate judge found that plaintiff was not in imminent danger because his claims were for the violation of his free exercise rights under the First Amendment. (Doc. No. 43 at 2.) Specifically, plaintiff brought claims against defendants Robicheaux and Thompson because they failed to provide him with meals consistent with his religion, Islam. (*Id.*) Apart from this allegation, there were no allegations in plaintiff's complaint suggesting he faced threat of serious injury or imminent danger. (*Id.*) The magistrate judge also found that the prior dismissals in *Mitchell v. Marshall, et al.*, C.D. Cal. 2:10-cv-07351-UA-SH ("*Marshall I*"), *Mitchell v. Marshall, et al.*, C.D. Cal. No. 2:12-cv-02048-ABC-SH ("*Marshall II*"), *Mitchell v. Norton*, et al., E.D. Cal. No. 1:12-cv-00331-GSA; ("*Norton*"),[2] and *Mitchell v. Beard, et al.*, Ninth Circuit No. 15-15470 ("*Beard*") constituted strikes under § 1915(g) because in each case it was found that plaintiff had failed to state a claim or because a court found the case frivolous. (*Id.* at 3–5.) Since plaintiff had suffered three or more strikes and was not in imminent danger, the assigned magistrate judge denied plaintiff's application to proceed IFP. (*Id.* at 5.) The undersigned adopted those findings and

---

[2] Following the decision in *Williams v. King*, 875 F.3d 500 (9th Cir. 2017) and out of an abundance of caution, the dismissal in *Mitchell v. Norton* will no longer be counted as a strike against plaintiff. Nonetheless, as demonstrated above and as confirmed by the assigned magistrate judge in the findings and recommendations, plaintiff has still suffered three prior strikes pursuant to § 1915(g).

recommendations in full on August 4, 2017.  (*See* Doc. No. 58.)

Plaintiff filed his motion to alter or amend judgment and/or relief from order on August 18, 2017.  (Doc. No. 61.)  Therein, plaintiff relies on the Ninth Circuit's decision in *Andrews v. Cervantes* for the proposition that he need not be in imminent danger at the time he filed his complaint to fall within the exception.  *See* 493 F.3d 1047, 1053 (9th Cir. 2007) (explaining that "it is sufficient for the prisoner to allege that he faces an ongoing danger even if he is not directly exposed to the danger at the precise time he filed the complaint.").  (*Id.* at 3.)  Plaintiff argues in conclusory fashion that imminent danger in this context includes events that are both taking place and about to take place.  (*Id.*)  In this vein, he argues the magistrate judge's interpretation of "imminence" was erroneous as a matter of law.  (*Id.* at 3–4.)

Defendant Thompson filed opposition to plaintiff's motion on September 7, 2017.  Therein, defendant Thompson argues that there is no legal basis to grant plaintiff's motion to amend the judgment because plaintiff did not raise the argument upon which he now relies when the imminent danger was originally considered by the court and cannot raise a new argument by way of a motion for reconsideration.  (Doc. No. 68 at 3–4.)  Defendant notes that plaintiff still does not claim he was in imminent danger at the time he filed the complaint in this case.  (*Id.* at 5.)  Defendant Thompson argues that the magistrate judge's interpretation of imminent danger under § 1915(g), which the undersigned adopted, is correct under the law—namely that, the danger must exist at the time the complaint was filed and not at some earlier or later time.  (*Id.* at 4–5.)  Defendant Thompson also argues that the danger must be related to the complaint's claims or at least stem from the conduct of the named defendants.  (*Id.* at 6.)  Defendant Thompson asserts that, at most, plaintiff's allegations against him suggest that plaintiff was denied an opportunity to exercise his religion, but not that he faced an imminent risk of danger or serious physical injury.  (*Id.*)

Defendant Robicheaux filed his opposition to plaintiff's motion for relief from judgment on September 8, 2017.  (Doc. No. 69.)  He argues there are no facts suggesting plaintiff was placed in imminent danger of serious physical injury.  (*Id.* at 2.)  Defendant Robicheaux notes that he is not even mentioned in plaintiff's motion for reconsideration.  (*Id.*)  Robicheaux also

3

asserts that plaintiff's allegation that he was denied a religious diet in the summer of 2015, in no way suggests that plaintiff faced an ongoing imminent danger. (*Id.* at 2–3.)

## **LEGAL STANDARD**

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196–97 (9th Cir. 2009) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)).

Generally speaking, a motion for reconsideration "should not be granted unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *accord Maryln Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir.

/////

2009).³ Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

**DISCUSSION**

It is clear that a prisoner applying for IFP status and seeking application of the imminent danger exception under § 1915(g), must allege an ongoing imminent danger of serious physical injury at the time the complaint was filed. *Andrews,* 493 F.3d at 1053; *Williams v. Paramo*, 775 F.3d 1182, 1188–90 (9th Cir. 2015); *Langston v. Sharma*, No. 2:15-CV-1437 GEB KJN P, 2016 WL 6775615, at *2 (E.D. Cal. Nov. 16, 2016), *report and recommendation adopted,* No. 2:15-CV-1437 GEB KJN P, 2016 WL 7229122 (E.D. Cal. Dec. 14, 2016); *Thomas v. Ellis*, No. 12-CV-05563-CW (PR), 2015 WL 859071, at *3 (N.D. Cal. Feb. 26, 2015); *Thomas v. Sepulveda*, No. 14-CV-01157-CW, 2014 WL 5409064, at *4 (N.D. Cal. Oct. 23, 2014).⁴

As an initial matter, plaintiff must allege that he faced an ongoing imminent danger of serious physical injury at the time he filed his complaint on August 5, 2016. Although plaintiff now references a litany of incidents spanning from August 2008 through October 2017, which he

---

³ The Local Rules of this court require, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered. Local Rule 230(j).

⁴ There must also be some nexus between the alleged ongoing imminent danger and the claims presented. *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009); *see also Williams* 775 F.3d at 1190 ("Properly construed, Williams's allegations are clearly related to her initial complaint regarding the rumors started by Defendants and their erroneous assignment of an "R" suffix to her prison file."); *McClellan*, 2015 WL 4197623, at *1; *Stine v. Fed. Bureau of Prisons*, No. 1:13-CV-1883 AWI MJS, 2015 WL 5255377, at *3–4 (E.D. Cal. Sept. 9, 2015) ("[W]ithout a nexus between the imminent danger and at least one claim, a three-strikes prisoner could pursue myriad lawsuits by simply including a single and wholly unrelated allegation of imminent danger in his complaints.").

5

suggests show he faces the risk of suffering harm, it is clear that he has not alleged any imminent risk of serious physical injury in connection with his First Amendment claim.  Indeed, the alleged risks now cited by plaintiff in moving for reconsideration have absolutely no relation to his First Amendment free exercise claim or to the defendants named in this action.  (*See* Doc. No. 1 at 4.)  Therefore, plaintiff is not entitled to relief under Rule 60(b).

## CONCLUSION

Accordingly, for the reasons stated above:

1. Plaintiff's motion to alter or amend judgment and/or relief from order (Doc. No. 61) is denied;

2. Plaintiff's *in forma pauperis* status in this action is revoked as stated in the undersigned's prior order (Doc. No. 58);

3. Plaintiff shall pay the required $400.00 filing fee in full within twenty-eight (28) days of the date of service of this order.  Failure to pay the filing fee within the time provided will result in the dismissal of this action;

4. The Clerk of the Court is directed to serve a copy of this order on the Financial Department, U.S. District Court, Eastern District of California, Fresno Division; and

5. The Clerk of the Court is directed to serve a copy of this order on the Director of the California Department of Corrections and Rehabilitation, via the court's electronic case filing system (CM/ECF).

IT IS SO ORDERED.

Dated:  **March 30, 2018**

UNITED STATES DISTRICT JUDGE