# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MITCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>CRM M.S. ROBICHEAUX and LIEUTENANT THOMPSON,<br><br>    Defendants. | Case No. 1:16-cv-01148-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR JOINDER OF CLAIMS WITHOUT PREJUDICE<br><br>(ECF NO. 79) |

John E. Mitchell ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On July 30, 2018, Plaintiff filed a request for joinder of claims pursuant to Federal Rule of Civil Procedure 18(a). (ECF No. 79). Plaintiff attached what appears to be a supplement to his complaint, and asks that he be allowed to join the supplement with the complaint in this case because both contain a claim against defendant Robicheaux for violation of Plaintiff's First Amendment rights. While Plaintiff asks for joinder, it appears that Plaintiff is actually seeking leave to amend his complaint.

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). See also Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008). "However, liberality in granting leave to amend is subject to several limitations. Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (internal quotation marks and citations omitted). See also

Waldrip v. Hall, 548 F.3d at 732.

Plaintiff's request will be denied, without prejudice. "Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with." Local Rule 220. Under this rule, even if Plaintiff is ultimately granted leave to amend, he may not file a supplement to his complaint. If he wishes to add claims and/or defendants, he must file a motion for leave to amend that includes one complaint that is complete in itself.

While this request is being denied, Plaintiff may file a motion for leave to amend in compliance with Local Rule 220.

While the Court is not ruling on the issue, the Court notes that it has reviewed Plaintiff's supplement, and the majority of the claims therein do not appear to be related to this case. Under Federal Rule of Civil Procedure 18(a), pursuant to which Plaintiff is purportedly bringing this motion, "[a] party asserting a claim … may join, as independent or alternative claims, as many claims as it has against *an opposing party*" (emphasis added). Here, in addition to attempting to add claims against defendant Robicheaux, it appears that Plaintiff is also attempting to add defendants whose alleged actions are not at all related to the claims going forward in this case. If that is what Plaintiff is attempting to do, his motion for leave to amend will likely be denied.

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff's request for joinder of claims is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **August 6, 2018**　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE