# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MITCHELL,<br><br>    Plaintiff,<br><br>    v.<br><br>D. DAVEY, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01148-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT THOMPSON'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED<br><br>(ECF NO. 88)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

John E. Mitchell ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is currently proceeding on Plaintiff's claim against defendants Thompson and Robicheaux for violation of Plaintiff's free exercise rights under the First Amendment.[1] (ECF Nos. 16 & 26).

On October 16, 2018, defendant Thompson filed a motion to dismiss on the ground that, based on the face of Plaintiff's complaint, Plaintiff failed to exhaust his available administrative remedies as to his claim against defendant Thompson. (ECF No. 88). On November 2, 2018, Plaintiff filed a response, conceding that he failed to exhaust his claim against defendant Thompson. (ECF No. 90, p. 1) ("Plaintiff concedes to the Defendant[']s motion to dismiss Plaintiff[']s Complaint.").

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any

---

[1] The issue of whether all other claims and defendants should be dismissed is currently pending before District Judge Dale A. Drozd. (See ECF No. 86).

1

other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross v. Blake, 136 S.Ct. 1850, 1857, 1859 (2016).

As discussed in Ross, 136 S.Ct. at 1862, there are no "special circumstances" exceptions to the exhaustion requirement. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." Id. at 1856.

As Plaintiff has conceded that he failed to exhaust his available administrative remedies as to his claim against defendant Thompson, the Court will recommend that defendant Thompson's motion to dismiss be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Thompson's motion to dismiss be GRANTED; and
2. Defendant Thompson be dismissed from this case.[2]

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be

---

[2] In the notice of motion and motion to dismiss, defendant Thompson "moves to dismiss Plaintiff's Complaint." (ECF No. 88, p. 1). However, in the memorandum of points and authorities, defendant Thompson only asks that he be dismissed from this case. (ECF No. 88-1, pgs. 1 & 8). After reviewing the motion and the supporting documents, it appears that defendant Thompson is only asking that he be dismissed. Thus, the Court is recommending that only defendant Thompson be dismissed.

served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 6, 2018**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE