UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MITCHELL,<br><br>        Plaintiff,<br><br>    v.<br><br>D. DAVEY, et al.,<br><br>        Defendants. | No. 1:16-cv-01148-DAD-EPG (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MISCELLANEOUS MOTIONS<br><br>(Doc. Nos. 112, 128, 130, 135, 136, 141, 143, 147, 148, 154) |

**BACKGROUND**

Plaintiff John Mitchell is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This case proceeds on plaintiff's First Amendment free exercise claim brought against defendant Robicheaux ("defendant").  (Doc. No. 93.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 27, 2020, the assigned magistrate judge issued findings and recommendations recommending that: (i) plaintiff's motion for summary judgment (Doc. No. 128) be granted as to liability, with the amount of damages to be determined at trial; (ii) defendant's motion for summary judgment (Doc. No. 130) be denied; (iii) plaintiff's motions for leave to submit a

supplemental civil complaint (Doc. Nos. 112, 148) be denied; (iv) plaintiff's motion for a stay of the proceedings and injunctive relief (Doc. No. 135) be denied; (v) plaintiff's motion brought under the All Writs Act (Doc. No. 136) be denied; (vi) plaintiff's motion for a court order and/or intervention (Doc. No. 141) be denied; (vii) plaintiff's motion for a preliminary injunction or temporary restraining order (Doc. No. 143) be denied; and (viii) plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. No. 147) be denied. (Doc. No. 154.) The findings and recommendations contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 23.) On April 14, 2020, the court provided plaintiff with an extension of time in which to either file his objections or request an additional extension of time in which to do so. (Doc. No. 157.) To date, plaintiff has not filed any objections to the pending findings and recommendations, and the time in which to do so has now passed. On April 17, 2020, defendant timely filed her objections to the pending findings and recommendations. (Doc. No. 160.) Plaintiff did not file a reply to defendant's objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including defendant's objections, the undersigned adopts the pending findings and recommendations, in part. For the reasons discussed below, the undersigned declines to adopt the pending findings and recommendations as to plaintiff's motion for summary judgment. As to defendant's motion for summary judgment and plaintiff's remaining motions, the undersigned finds the pending findings and recommendations to be supported by the record and by proper analysis and will adopt the recommendations that those motions be denied.

## ANALYSIS

**A.   Summary Judgment Motions**

In the pending findings and recommendations, the magistrate judge noted at the outset that defendant Robicheaux did not submit any fact witness declarations in support of her motion for summary judgment or in her opposition to plaintiff's motion for summary judgment, and that defendant's "failure to provide any evidentiary support for many of the assertions in defendant's papers was quite notable." (Doc. No. 154 at 8.) The magistrate judge "undertook a very detailed

effort to determine what facts have been supported by admissible evidence in these motions, and summarize[d] those facts" as follows:

> It is undisputed that Plaintiff was transferred to CSP-COR from SATF on June 9, 2015. Defendant's Separate Statement of Undisputed Fact ("DSSUF") 2. On June 11, 2015, Plaintiff wrote to the Warden stating that he was a Muslim and that he wanted his religious diet transferred to him. DSSUF 3. On June 16, 2015, Plaintiff sent a CDCR 22 Form to Defendant, seeking her assistance in receiving his religious diet. DSSUF 4. On or about July 7, 2015, Defendant responded, stating that "[n]othing could be located in your C-File so I'm enclosing a 3030 diet form," which is the form used to request a religious diet. DSSUF 5; Doc. No. 130-5 at 31.
>
> > [Footnote 4: Plaintiff does not dispute this fact, but does allege that a diet form was not actually enclosed. Doc. No. 132 at 10–11.]
>
> Despite Defendant's assertion, Plaintiff's C-File did contain an approved 3030 diet form, which Plaintiff received a copy of on or about July 5, 2015. *See* DSSUF 6; Doc. No. 132 at 7. "On July 11, 2015, Robicheaux responded 'you are on the list' to the note that Mitchell had written to the Warden. Mitchell understood that to mean he was on the Ramadan list and the religious diet list." DSSUF 7. On July 15, 2015, Plaintiff received a Halal meal. DSSUF 9; Doc. No. 1 at 7.
>
> > [Footnote 5: The exact number of Halal meals Plaintiff received during Ramadan is unclear. Taking Defendant's evidence as true, at most, Plaintiff "occasionally" received halal meals during Ramadan. DSSUF 14; Doc. No. 130-5 at 22.]
>
> "On July 22, 2015, Mitchell met with Ms. Robicheaux with regard to his 602 appeal. Ms. Robicheaux apologized and acknowledged fault for not providing the Halal diet before Ramadan ended." DDSUF 18.

(Doc. No. 154 at 8–9.)

Based on this evidence, the magistrate judge concluded that "[d]efendant's actions (or inactions) coerced Plaintiff to act contrary to his religious belief on numerous occasions, and as there is no evidence in the record of a legitimate penological interest in delaying Plaintiff's access to halal meals, Plaintiff has established that Defendant substantially burdened the exercise of his religion." (*Id*. at 13.) Specifically, for the purposes of summary judgment, the magistrate judge found that "[p]laintiff has established that he is a Muslim inmate, and that his beliefs regarding the Ramadan fast are sincerely held and rooted in religious belief." (*Id*. at 11.) The magistrate

3

judge also found that plaintiff had established that "he had to eat non-halal meals for at least most of Ramadan, which were not compliant with the tenants of his Muslim faith [and thereby] interfere[d] with Plaintiff's religious experience." (*Id*. at 12.)

Defendant does not object to the magistrate judge's findings regarding plaintiff's sincerely held religious belief, or that delaying plaintiff's access to Halal meals substantially burdened plaintiff's free exercise of his religion. Rather, in her objections defendant argues that because mere negligence does not give rise to a constitutional violation, the critical issue on summary judgment is whether the delay in providing plaintiff access to Halal meals was intentionally or negligently caused. (Doc. No. 160 at 6.) Most importantly, defendant argues, the court cannot resolve this issue on summary judgment because material facts as to defendant's intent are disputed. (Doc. No. 160 at 6.)

In her objections to the pending findings and recommendations, defendant challenges the recommendation that plaintiff's motion for summary judgment be granted with respect to defendant's liability and the related finding that the undisputed evidence on summary judgment was "sufficient to establish that Defendant acted intentionally, or at least arbitrarily or capriciously." (Id. at 5–6.) Specifically, defendant argues that "[t]here exists a material issue of disputed fact as to whether Defendant acted with the requisite state of mind such that her conduct rises to the level of a constitutional violation." (*Id*. at 5–6.) To that end, defendant asserts that the magistrate judge improperly weighed the evidence and determined the truth or falsity of material disputed facts—i.e. whether defendant was truly unable to locate plaintiff's 3030 form in his central file, or whether she intentionally delayed plaintiff's access to Halal meals by not locating his 3030 form and delaying for three-weeks in responding to his requests for such meals. (*Id*. at 2–3.) In particular, defendant takes issue with the magistrate judge's finding that it was undisputed that "[d]efendant's statement that Plaintiff's 3030 diet form could not be located in his C-File was **FALSE** because Plaintiff's C-File did in fact contain the form." (*Id*. at 2.) Defendant argues that in characterizing this as an undisputed fact, the findings and recommendations made "a quantum leap from the statement that the 'form could not be located' to 'the form was not in the C-File' and that Defendant lied about it." (*Id*. at 3.) Defendant contends that the magistrate

4

judge thus improperly made credibility determinations on summary judgment; for example, by finding defendant's response to plaintiff (that "[n]othing could be located in your C-file") not to be credible because defendant did not submit a declaration under penalty of perjury stating that her response to plaintiff's inquiry was truthful. (*Id*.)[1] Moreover, according to defendant, because she provided plaintiff with another 3030 diet form to fill out—a fact that plaintiff disputes—a reasonable inference could be drawn by the fact-finder from that evidence that she "had no intention to deprive plaintiff of his religious diet and was, in fact, trying to help him receive it." (*Id*.) Thus, defendant contends, the magistrate judge erred as a matter of law by failing to draw all reasonable inferences from the evidence in her favor as required by the legal standards applicable at summary judgment. (*Id*.)

Defendant also argues that the magistrate judge erred in both finding that defendant should have provided the court with an explanation for why she acted or failed to act in response to plaintiff's repeated requests, and finding that she failed to provide the court with such an explanation. (*Id*. at 3–4.) Based on the undersigned's review of the record, the magistrate judge's frustrations with defendant's lack of evidentiary submissions were very much warranted. Apparently, defendant's counsel ignored that it was defendant's burden to produce evidence both as the moving party in support of her motion for summary judgment and as the non-moving party in her opposition to plaintiff's motion for summary judgment.[2] The magistrate judge found that,

---

[1] Though the undersigned acknowledges that the manner in which defendant's counsel dealt with the evidence on summary judgment may be perceived as bordering a failure of proof, ultimately the court agrees that in reaching this conclusion, the findings and recommendations improperly made credibility determinations. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Nor does the judge [on summary judgment] make credibility determinations with respect to statements made in affidavits, answers to interrogatories, admissions, or depositions").

[2] If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits or admissible discovery material in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(c)(1); *Matsushita*, 475 U.S. at 586 n.11; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for

1  instead, defendant made unsupported arguments that a brief delay does not rise to a constitutional

2  violation because it is common "for paperwork to be misdirected, misfiled, or lost." (Doc. No.

3  154 at 14.) But, defendant did not offer any evidence "that paperwork was in fact misfiled,

4  misdirected, or lost," and gave no explanation for why she "failed to find the approved 3030 diet

5  form in Plaintiff's C-File, or why it took her three weeks to respond to Plaintiff's CDCR 22

6  Form." (*Id*.) Further, as the magistrate judge found, "the undisputed evidence shows that

7  Plaintiff's approved 3030 diet form was exactly where it should have been." (*Id*.) In addition,

8  the magistrate judge found that "Defendant also provided no evidence to explain why she told

9  Plaintiff that his C-File did not contain an approved 3030 diet form, even though it did." (*Id*.)

10      To the extent these findings point to *defendant's* failure to submit evidence, defendant

11  asserts no objections to those findings. Rather, for the first time, in her objections to the pending

12  findings and recommendations, defendant belatedly directs the court to *plaintiff's* submissions of

13  evidence on summary judgment, and contends that the magistrate judge could have, and should

14  have, reviewed those materials, including defendant's response to plaintiff's Interrogatory No. 8,

15  in which defendant provided the following explanation:

> Prior to receiving the notice sent to Warden Davey, and upon receipt of plaintiff's request to participate in Ramadan, defendant contacted Food Services to add plaintiff to the Ramadan list. Plaintiff was added to the Ramadan list on June 15, 2015. Defendant attempted to contact plaintiff's previous institution, SATF, to verify plaintiff's participation in the RMA diet; however, a response was not returned. **Because defendant was not authorized at that time to access plaintiff's ERMS file, she sought assistance from Case Records Technician (CRT) C. Navarro. However, C. Navarro advised defendant that a copy of plaintiff's approved 3030 Religious Diet Form could not be found in ERMS.** Defendant was away from the institution from June 22 to June 26, 2015 and did not return to her office until July 1, 2015. Upon her return, defendant sent a CDCR Religious Diet Request (Form 3030) to plaintiff via institutional mail. On or about July 15, 2015, defendant received plaintiff's Religious Diet Request (Form 3030) showing that on May 10, 2014 plaintiff was approved at the previous institution to participate in the RMA diet. On

---

26  summary judgment."). The opposing party must demonstrate that the fact in contention is
material, i.e., a fact that might affect the outcome of the suit under the governing law, *see*
27  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e.,
the evidence is such that a reasonable jury could return a verdict for the non-moving party, *see*
28  *Anderson*, 477 U.S. at 250; *Wool v. Tandem Computs. Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

> July 16, 2015, Food Services was contacted to request that plaintiff be added to the RMA diet. On July 17, 2015, plaintiff was added to the RMA diet.

(Doc. No. 160 at 4) (citing Doc. Nos. 128 at 39; 132 at 44). In her objections to the pending findings and recommendations, defendant asserts that this evidence "was available to the court" and "raises a genuine question whether Defendant acted intentionally and with the requisite state of mind in delaying or depriving Plaintiff of his free exercise rights." (Doc. No. 160 at 5.)

For some unexplained reason, defendant's counsel did not cite to this interrogatory response anywhere in defendant's moving papers or in defendant's opposition to plaintiff's motion for summary judgment. Instead, counsel apparently expected the court to sift through the evidence submitted by plaintiff and discover defendant's explanation there. Counsel's apparent expectation will not be countenanced by this court. "Judges are not like pigs, hunting for truffles" buried in the record. *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)); *see also Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (noting that "[i]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact") (citation omitted). Although the magistrate judge reviewed the record to identify the evidence supporting plaintiff's purported undisputed facts, since he did not "cite to particular parts of materials in the record when listing undisputed facts," the magistrate judge did so based on guidance from the Ninth Circuit "that courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." (Doc. No. 154 at 16) (quoting *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)). While the court "may consider other materials in the record," as the magistrate judge chose to do so here, (Doc. No. 154 at 16) (citing Fed. R. Civ. P. 56(c)(3)), that does not mean that defendant was relieved of her burden to submit evidence in support of her summary judgment motion and to submit or cite evidence that she now contends establishes that a genuine dispute of material fact exists and precludes the court from granting plaintiff's motion for summary judgment.

Nevertheless, the undersigned is now regrettably confronted with evidence in the record demonstrating that a genuine dispute exists as to whether defendant's conduct was intentional

(plaintiff's position) or negligent (defendant's position). Ultimately, plaintiff's case turns on resolution of that factual question. While the Ninth Circuit has not squarely addressed the issue of whether or not negligence is sufficient to state a violation of the free exercise of religion, the Fourth Circuit has explicitly held that "only intentional conduct is actionable under the Free Exercise Clause." *Lovelace v. Lee*, 472 F.3d 174, 201 (4th Cir. 2006) (holding that depriving a prisoner of access to Ramadan meals for twenty-four out of thirty days amounted to a substantial burden on his free exercise rights) (citing *Lewis v. Mitchell*, 416 F. Supp. 2d 935, 942–44 (S.D. Cal. 2005) (finding plaintiff sufficiently alleged free exercise claim where the defendant deceptively served pork disguised as turkey, and misled plaintiff by telling him that the product labels indicated the product did not contain pork)). Moreover, in a relatively recent Ninth Circuit concurring opinion, Judge Bybee cited the decisions in *Lovelace* and *Lewis* and emphasized that "[i]f it was once not clear, it is now beyond question that § 1983 requires proof of intentional, not merely negligent, acts depriving a party of his constitutional rights." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1214 (9th Cir. 2017) (citing *Lovelace*, 472 F.3d 174, 201 ("[N]egligent acts by officials causing unintended denials of religious rights do not violate the Free Exercise Clause."); *Lewis*, 416 F. Supp. 2d at 944 (holding more than negligence is required to state a valid § 1983 claim for violation of prisoner's First Amendment right to freely exercise religion)).

Several courts, including courts in this circuit, have similarly relied upon the decisions in *Lovelace* and *Lewis* in concluding that mere negligence is insufficient in this regard. *See, e.g.*, *Freeman v. Julious*, No. 1:09-cv-02245-DLB, 2011 WL 1748580, at *4 (E.D. Cal. May 6, 2011) (adopting "the *Lewis* court's sound rationale" that "an inmate plaintiff must assert more than negligence to state a valid claim for the violation of an inmate's Free Exercise rights"); *Newman v. Brandon*, No. 1:10-cv-00687-JLT, 2011 WL 533580, at *3 (E.D. Cal. Feb. 12, 2011) (finding plaintiff failed to state a free exercise claim because even if defendants were responsible for spilling coffee on plaintiff's bible, plaintiff did not allege facts "supporting the inference that the defendants did so intentionally and not negligently"); *Barros v. Minnick*, No. 2:11-cv-00006-DAD, 2011 WL 4344132, at *5 (E.D. Cal. Sept. 14, 2011) (dismissing a free exercise claim where the defendant failed to allege facts "showing that the disposal of his Bible was an

intentional act to burden the free exercise of his religion" and noting that in any amended complaint, plaintiff "must provide further allegations which address . . . the intentional nature of defendants' actions"); *Nellum v. Stiltner*, No. 2:12-cv-1386-TLN-AC, 2013 WL 4094475, at *2 (E.D. Cal. Aug. 13, 2013) *report and recommendation adopted*, No. 2:12-cv-1386-TLN-AC (E.D. Cal. Dec. 17, 2013) (dismissing claim where "no factual allegations support an inference that defendants took [plaintiff's] Bible in an intentional or conscious act to burden the free exercise of plaintiff's religion"); *Hoffman v. Lassen Adult Det. Facility*, No. 2:15-cv-1558-JAM-KJN, 2017 WL 2535461, at *15 (E.D. Cal. June 12, 2017), *report and recommendation adopted*, No. 2:15-cv-1558-JAM-KJN, 2017 WL 4310507 (E.D. Cal. Sept. 28, 2017) (denying defendant's motion for summary judgment because the court "cannot find that defendant Jones did not intentionally discriminate against plaintiff when he denied his request for a kosher diet" based on the "disputed, and somewhat unexplained facts" regarding why defendant denied his request); *Miller v. Acosta*, No. 2:15-cv-02285-GW-KK, 2019 WL 3035120, at *6 (C.D. Cal. May 8, 2019) ("Miller's allegation regarding what defendants Henry and Lopez 'should have known' shows, at most, negligence in preparing the [religious diet] Non-compliance Chronos, [which resulted in Miller being removed from the religious diet program]," and thus, "fails to allege a conscious or intentional act necessary to support a Section 1983 claim for the violation of Miller's free exercise rights."); *Bostwick v. Oregon*, No. 3:09-cv-657-KI, 2011 WL 6046486, at *3 (D. Or. Dec. 5, 2011) (granting defendants' motion for summary judgment where plaintiff provided no evidence that the defendants acted intentionally and defendants submitted evidence that any deprivation of plaintiff's religious ceremonial property was unintentional because prison staff handle religious items very carefully, and upon learning plaintiff's belongings were lost, they initiated searches and obtained replacement property for plaintiff); *Kyles v. Mathy*, No. 09-1084, 2011 WL 4737403, at *11 (C.D. Ill. Oct. 6, 2011) (denying plaintiff's motion for summary judgment on a free exercise claim where there was no evidence that defendant "was responsible for any delay in receiving the religious diet" because defendant approved plaintiff's request within one week of receipt and he began receiving his vegan food tray on the same day).

/////

For the reasons explained above, the undersigned declines to adopt the recommendations that plaintiff's motion for summary judgment be granted because the factual question of whether defendant's conduct was intentional or not is in dispute and cannot be resolved by the court on summary judgment. Accordingly, both of the parties' summary judgment motions (Doc. Nos. 128, 130) will be denied.

**B.     Plaintiff's Miscellaneous Motions**

In the pending findings and recommendations, the magistrate judge recommended that plaintiff's miscellaneous motions (Doc. Nos. 112, 135, 136, 141,143, 147, 148) all be denied. As mentioned above, plaintiff has not filed any objections to those findings and recommendations, and the time in which to do so has now passed.

As to plaintiff's miscellaneous motions, the undersigned finds the pending findings and recommendations to be supported by the record and by proper analysis and will adopt the findings and recommendations as to those motions. Accordingly, plaintiff's motions for leave to submit a supplemental civil complaint (Doc. Nos. 112, 148) will be denied; (iv) plaintiff's motion for a stay of the proceedings and injunctive relief (Doc. No. 135) will be denied; (v) plaintiff's motion under the All Writs Act (Doc. No. 136) will be denied; (vi) plaintiff's motion for a court order and/or intervention (Doc. No. 141) will be denied; (vii) plaintiff's motion for a preliminary injunction or temporary restraining order (Doc. No. 143) will be denied; and (viii) plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. No. 147) will be denied.

## CONCLUSION

For all the reasons set forth above, the pending findings and recommendations issued on March 27, 2020 (Doc. No. 154) are adopted in part, as follows:

1. Plaintiff's motion for summary judgment (Doc. No. 128) is denied;

2. Defendant's motion for summary judgment (Doc. No. 130) is denied;

3. Plaintiff's motions for leave to submit a supplemental civil complaint (Doc. Nos. 112, 148) are denied;

/////

4. Plaintiff's motion for a stay of the proceedings and injunctive relief (Doc. No. 135) is denied;

5. Plaintiff's motion under the All Writs Act (Doc. No. 136) is denied;

6. Plaintiff's motion for court order and/or intervention (Doc. No. 141) is denied;

7. Plaintiff's for a preliminary injunction or temporary restraining order (Doc. No. 143) is denied;

8. Plaintiff's for a temporary restraining order and preliminary injunction (Doc. No. 147) is denied; and

9. The case is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  **May 19, 2020**

UNITED STATES DISTRICT JUDGE