UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MITCHELL,<br><br>    Plaintiff,<br><br>  v.<br><br>CRM M.S. ROBICHEAUX,<br><br>    Defendant. | Case No. 1:16-cv-01148-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR AN ORDER UNDER THE ALL WRITS ACT BE DENIED WITHOUT PREJUDICE<br><br>(ECF NO. 156)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

John E. Mitchell ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

On April 10, 2020, Plaintiff filed a motion for an order under the All Writs Act. (ECF No. 156). For the reasons described below, the Court recommends that Plaintiff's motion be denied.

**I.    PLANITIFF'S MOTION**

Plaintiff alleges that he cannot meet court ordered deadlines because correctional officers are impeding his ability to litigate. Plaintiff alleges that he has been beaten twice in the last year, that he does not have access to his legal property, and that he does not have access to the law library or forms to use to litigate with. Plaintiff asks the Court to issue an order "that it deems

1

appropriate."

## II.  LEGAL STANDARDS

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." United States v. New York Tel. Co., 434 U.S. 159, 174 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." Hammler v. Haas, 2019 U.S. Dist. LEXIS 48377, *3-4 (E.D. Cal., Mar. 22, 2019).  See also Mitchell v. Haviland, 2015 U.S. Dist. LEXIS 109106, *5 (E.D. Cal., Aug. 18, 2015) ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); Lopez v. Cook, 2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel).  However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." Brown v. Gilmore, 533 U.S. 1301, 1303 (2001) (citations and internal quotation marks omitted).

## III.  ANALYSIS

Plaintiff's motion will be denied, without prejudice.  "[I]njunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," Brown, 533 U.S. at 1303 (citation and internal quotation marks omitted), and such circumstances do not exist here at the present time.

Plaintiff alleges that he does not have access to the law library.  However, there is an ongoing pandemic, movement has been limited at many prisons, and many inmates have limited

access to the law library.  The Court will not recommend granting Plaintiff special access to the law library because of his ongoing case.

As to Plaintiff's allegations regarding lack of access to his legal property, Plaintiff appears to allege that he does not have access to his property because he was placed in administrative segregation, and then transferred at least twice.  As it appears that Plaintiff does not have access to his legal property due to transfers, there does not appear to be a need for the Court to intervene at this time.

Moreover, the only pending deadlines in this case relate to the upcoming settlement conference, which is set for September 9, 2020 (ECF No. 168).  Thus, it does not appear that Plaintiff has an urgent need to access his legal property or to visit the law library at this time.  If Plaintiff needs an extension of any deadline due to a lack of access to his legal property or the law library, he should file a motion for an extension of time.

The Court notes that, if the case proceeds to trial and Plaintiff still does not have access to the law library or his legal property, Plaintiff may renew this motion.

As to Plaintiff's allegations regarding beatings, there is no indication that the alleged beatings have any relationship to this case.  If Plaintiff believes his civil rights have been violated he should file a separate action.

## IV. RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for an order under the All Writs Act be DENIED without prejudice.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.

\\\

\\\

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 8, 2020**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE