UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. MITCHELL,<br><br>    Plaintiff,<br><br>    v.<br><br>D. DAVEY, et al.,<br><br>    Defendants. | No. 1:16-cv-01148-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 166) |

Plaintiff John Mitchell is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This case proceeds on plaintiff's First Amendment free exercise claim brought against defendant Robicheaux ("defendant"). (Doc. No. 93.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court is plaintiff's motion for reconsideration[1] of the undersigned's May 19, 2020 order (Doc. No. 163) adopting in part the assigned magistrate judge's March 27, 2020 findings and recommendations (Doc. No. 154). (Doc. No. 166.) In that order, the court denied plaintiff's motion for summary judgment, defendant's motion for summary judgment, and

---

[1] The court notes that plaintiff's filing was titled "Plaintiff's Objection to Order Adopting in Part Findings and Recommendations Denying Plaintiff's Motion for Summary Judgment." (Doc. No. 166.) The court will construe plaintiff's filing as a motion for reconsideration under Federal Rule of Civil Procedure 60(b).

1

plaintiff's miscellaneous motions. (Doc. No. 163.) In particular, the court denied the parties' motions for summary judgment because "the factual question of whether defendant's conduct was intentional or not is in dispute and cannot be resolved by the court on summary judgment," and "plaintiff's case turns on resolution of that factual question." (*Id*. at 8, 10.)

In his motion for reconsideration, plaintiff contends that the court should reconsider its order denying his summary judgment motion for three reasons, but none of plaintiff's arguments address the applicable legal standards governing motions for reconsideration. (Doc. No. 166 at 2–3.)

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason justifying relief." Fed. R. Civ. P. 60(b). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted). In seeking reconsideration of an order, Local Rule 230 requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j)(3).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation" of that which was already considered by the court in rendering its decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

/////

Here, plaintiff first argues that it was plaintiff, not defendant, that submitted admissible evidence in the form of his declaration and exhibits "that clearly shows conflicting narrations" in the administrative appeal responses and how "all of them differed in the facts, they all had certain things taking place on certain dates, [and] it appears as if no reviewer in those appeals took into consideration what the former review said the defendant did or didn't do." (Doc. No. 166 at 2.) However, the critical question on summary judgment is not *which party* submits the evidence that demonstrates that a genuine dispute of material fact exists. The fact that defendant directed the court to evidence that plaintiff had submitted does not mean that the court can disregard that evidence and conclude there are no material facts in dispute. Moreover, the court was well aware of which party submitted the evidence when it issued its order, stating that "defendant belatedly directs the court to *plaintiff's* submissions of evidence on summary judgment." (Doc. No. 163 at 6.) Thus, plaintiff's first argument does not provide a basis for reconsideration of the court's order denying his motion for summary judgment.

Second, plaintiff argues that the court ignored a crucial fact—that he wrote to the warden stating that he was a Muslim and wanted his religious diet transferred to him, and that his notice was forwarded to defendant, stating "please take notice Mitchell v. Pina prior religious diet issues that ended up in a lawsuit." (Doc. No. 166 at 3.) Contrary to plaintiff's argument, the court did not ignore his letter to the warden, which plaintiff submitted, and which was also attached as an exhibit to a declaration filed in support of defendant's motion for summary judgment. (*See* Doc. No. 130-5 at 30.) This letter is not newly discovered evidence and does not justify reconsideration of the court's order. While this letter may be persuasive evidence to the jury on the question of whether defendant's conduct was intentional, the court does not weigh the evidence or make credibility determinations on summary judgment. In the endeavor to establish the existence of a factual dispute, an opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987) ("[A]t this [summary judgment] stage of the litigation, the judge does not weigh conflicting evidence with respect to a

disputed material fact. Nor does the judge make credibility determinations with respect to statements made in affidavits, answers to interrogatories, admissions, or depositions.")

Third, and relatedly, plaintiff argues that taking all the evidence that he submitted, combined with the fact that defendant was the community resource manager that granted his previous appeal and placed him on the Halal diet on December 9, 2010, "leaves no room for the 'mere negligence' finding." (Doc. No. 166 at 3.) Here too, plaintiff has pointed to evidence that supports his position (that defendant's conduct was intentional), and that was already considered by the court in its order denying plaintiff's summary judgment motion. As explained above, that plaintiff may have submitted substantial and even persuasive evidence to support his summary judgment motion is of no consequence where the evidence also establishes that a genuine dispute of material fact exists. Weighing and evaluating plaintiff's evidence is a task reserved for trial, not summary judgment. Thus, plaintiff has not shown that reconsideration of the court's order denying plaintiff's motion for summary judgment is justified.

Accordingly, plaintiff's motion for reconsideration (Doc. No. 166) is denied.

IT IS SO ORDERED.

Dated: **June 9, 2020**

UNITED STATES DISTRICT JUDGE